United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUNSET LICENSING LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AZUGA, INC.,<br><br>    Defendant. | Case No. 5:20-cv-02174-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ALTERNATE SERVICE OF PROCESS AND EXTENSION OF TIME FOR SERVICE OF PROCESS**<br><br>Re: Dkt. No. 9 |

Before the Court is Plaintiff Sunset Licensing LLC's Application for Alternative Service of Process and Extension of Time for Service of Process and Continuance of Other Deadlines. Dkt. No. 9. Plaintiff states that it has not been able to effectuate service upon Defendant Azuga, Inc. since it filed the complaint on March 31, 2020, and requests an additional thirty days for service to be completed. Plaintiff further requests that the Court permit alternate service of process, specifically, service by posting a copy of the summons and complaint to the front door or main entrance of the address it has identified as the Defendant's address.

Rule 4 of the Federal Rules of Civil Procedure requires that service be completed by (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e); Fed. R. Civ. P. 4(h) (providing that a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving

Case No.: 5:20-cv-02174-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ALTERNATE SERVICE OF PROCESS AND EXTENSION OF TIME FOR SERVICE OF PROCESS

1

an individual" or by delivering a copy of the summons and of the complaint to the agent designated to receive service). In addition, service may be satisfied by "following state law . . . in the state where the district court is located or where service is made[.]" *Id.* at (e)(1). California state law similarly provides that "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house . . . in the presence of a competent member of the household . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code §§ 415.20, 416.10.

Plaintiff does not cite any law in California or otherwise that contemplates posting the summons and complaint to the front door of a residence, as Plaintiff requests, and the Court is not aware of any such law. *See Sameer v. Khera*, No. 117-CV-01748-DAD-EPG, 2018 WL 2047167, at *1 (E.D. Cal. May 2, 2018) (confirming that under California rules of service, the summons and complaint must be left with a suitable person as described in Section 415.20). Moreover, while Plaintiff notes that it made "several unsuccessful attempts at personal service," Plaintiff does not appear to have attempted any other method of service provided under Federal or California law. Thus, the Court finds Plaintiff's request for alternate service premature.

To the extent Plaintiff requests service "by publication," as the caption to his filing suggests, such service is not proper in this case. California Civil Procedure Code Section 415.50 provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified." Cal. Civ. Proc. Code § 415.50(1)(1). In addition to the reasonable diligence requirement, a plaintiff requesting service by publication must submit an affidavit and "demonstrate that exhaustive attempts have been taken to serve the defendant by another manner." *Sameer*, 2018 WL 2047167, at *1 (citing *Watts v. Crawford*, 10

Case No.: 5:20-cv-02174-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ALTERNATE SERVICE OF PROCESS AND EXTENSION OF TIME FOR SERVICE OF PROCESS

2

1  Cal. 4th 743, 749 n.5 (1995)). Plaintiff has not submitted an affidavit nor detailed its attempts at
2  service in a manner sufficient to show reasonable diligence.

3  Although the Plaintiff has not demonstrated good cause for alternate service, the Court
4  finds that an extension of the time to complete service is appropriate. Rule 4(m) of the Federal
5  Rules of Civil Procedure requires an extension of time to complete service if the plaintiff shows
6  "good cause" for failing to effect timely service. "'[C]ourts have broad discretion to extend time
7  for service under Rule 4(m),' even absent a showing of good cause for the delay." *Pine v. City of
8  Oakland*, No. 19-CV-02136-AGT, 2020 WL 2512404, at *5 (N.D. Cal. May 16, 2020) (citing
9  *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007)). Given the added challenges to personal
10 service caused by the COVID-19 pandemic and related shelter-in-place orders, the Court will
11 grant an extension of thirty days from the date of this order for Plaintiff to complete service of
12 process pursuant to Rule 4(m).

13 For the reasons stated, the Court DENIES Plaintiff's application for alternative service and
14 GRANTS Plaintiff's request for an extension of time under Rule 4(m). Proof of service shall be
15 filed no later than July 15, 2020.

16 The Case Management Conference currently scheduled for July 2, 2020 is hereby reset for
17 August 27, 2020 at 10:00 a.m. The parties' joint statement is due August 17, 2020.

18 **IT IS SO ORDERED.**

19 Dated: June 15, 2020

                                                    _____
                                                    EDWARD J. DAVILA
                                                    United States District Judge

Case No.: 5:20-cv-02174-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR
ALTERNATE SERVICE OF PROCESS AND EXTENSION OF TIME FOR SERVICE OF
PROCESS

3